### 1674

THREATT-MICHAEL CONSTRUCTION COMPANY, INC., Appellant v. C & G ELECTRIC, Steve Gainey, and Kenneth Crump Of Whom Kenneth Crump is Respondent.

(406 S.E. (2d) 374)

Court of Appeals

*T.S. Stern, Jr.,* and *Eric K. Englebardt, Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant.*

*H.W. Paschal, Jr.,* of *Miller & Paschal,* Greenville, *for respondent.*

Heard March 11, 1991.

Decided April 18, 1991.

LITTLEJOHN, Justice:

The issue in this case is the discharge of a partner for an existing liability upon dissolution of a partnership. The trial court held the partner, Kenneth Crump, was discharged by a partnership creditor, Threatt-Michael Construction Company, Inc., from an obligation of the partnership, C&G Electric, upon the dissolution of the partnership. Threatt-Michael appeals contending it did not discharge Crump from liability under the existing contract. We reverse and remand for entry of judgment in favor of Threatt-Michael.

Threatt-Michael is a general contractor. Threatt-Michael had a contract to perform work on a church in Greenville County. C&G Electric, a partnership composed of Kenneth Crump and Steve Gainey, was chosen as the electrical subcontractor. A subcontract was executed between C&G Electric and Threatt-Michael. Kenneth Crump was the partner who primarily dealt with the job. In December 1987 Crump approached the project manager for Threatt-Michael, Dale Goodman, and told him the partnership was dissolving and Gainey would be taking over the job. According to Crump, Goodman's main concern was the job and when Crump told him Gainey would take over Goodman said "okay." Crump testified he assumed this meant Threatt-Michael was releasing him from any obligation under the contract.

The partnership formally dissolved in February 1989 when a dissolution agreement was executed by Crump and Gainey. A few months later Threatt-Michael held the subcontract in default for failure to perform by C&G Electric. The job was completed by another subcontractor. Threatt-Michael sued the partnership and the partners for breach of contract. The partnership defaulted and Gainey declared bankruptcy. Threatt-Michael recovered $45,003.28 against the partnership.

The trial court held Crump was discharged by Threatt-Michael from the partnership obligation. The issue on appeal is the purported discharge.

In an action at law tried by the court without a jury the trial judge's findings of fact have the force and effect of a jury verdict and are conclusive upon appeal when supported by competent evidence. This court may correct errors of law on appeal. *Patterson v. I.H. Services, Inc.,* 295 S.C. 300, 368 S.E. (2d) 215 (Ct. App. 1988).

Threatt-Michael asserts the trial court erred in finding a discharge under *S.C. Code Ann.* Section 33-41-1010(2) (Rev. 1990). The statute states the dissolution of a partnership does not ordinarily discharge the existing liability of any partner. Section 33-41-1010(1); *Broom v. Marshall,* 284 S.C. 530, 328 S.E. (2d) 639 (Ct. App. 1985). However, a partner may be dischargd from an existing liability upon dissolution of the partnership under the terms of Section 33-41-1010(2). The subsection recognizes the agreement of dischage may be inferred from "the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business." See 59A Am. Jur. (2d) *Partnership* Section 907 (1987).

There is no evidence Crump specifically requested a release or discharge from the obligation of the contract. Likewise, there is no evidence Threatt-Michael specifically granted a release or discharge. The trial court's conclusion of law on discharge is based upon (1) the project manager's statement of "okay" in response to Crump's statement to him that the partnership was dissolving, and (2) the conduct of Threatt-Michael in dealing with Steve Gainey after being advised he was taking over the job.

The electrical subcontract was with the partnership, C&G Electric. Both gainey and Crump were general partners. Partners are jointly and severally liable for everything chargeable to the partnership. *S.C. Code Ann.* Section 33-41-370 (Rev. 1990). When Gainey took over the job after Crump departed he was only doing what he was already obligated to do as a partner. Threatt-Michael's course of dealing with Gainey was consistent with a recognition of the continuing obligation of the partnership under the subcontract. It did not indicate a discharge of Crump from the existing obli-

gation. Further, use of the phrase "okay" by the project manager is not a sufficient statement of release by Threatt-Michael to discharge Crump from his liability for the pre-existing obligation. The word merely indicates an awareness the other partner would be involved with the performance of the contract by the partnership.

The decision of the trial court is reversed and remanded for entry of judgment in favor of Threatt-Michael.

Reversed and remanded.

SANDERS, C.J., and Goolsby, J., concur.